## HAUSE'S APPEAL.

Where a road has been laid out, but the report did not sufficiently show the location, the Court may refer it back to the viewers to designate the location even after absolute confirmation.

Certiorari to Quarter Sessions of Chester County, No. 21 December Term, 1854.

A road jury of six men had made return as follows: "We have viewed and laid out and return for public use the following road, to wit: Beginning in a public road on Prospect Hill in a line of George Ralston and John March's land, thence along said line, north 41½ degrees, east 80 perches and 3-10ths to Margaret Reese's land, thence along the line of said Margaret Reese and George A. Ralston," &c., "to Henry Chrisman's land, thence along the line of the same and Mrs. Miller's land, 48 perches to a public road leading from French Creek Bridge across Beaver Dam Hill," with a plot or draft annexed. This report was confirmed by the Court on November 2nd, 1853, and after laying over a suitable time an order was issued to the supervisors of West Vincent township to open the same. On May 12th, 1854, John Kimes and Charles Miller, supervisors of West Vincent township aforesaid, presented a petition to the Court of Quarter Sessions, setting forth the report and order made thereon, and continued: "Your petitioners state that in consequence of said jury reporting the road as laid out along a line of lands between *Margaret Reese* and *George Ralston* and others, *without giving any course by the compass*, a difficulty has arisen as to the proper place or ground upon which to open the road, inasmuch as the line is in dispute between said *Reese* and *Ralston ;* your petitioners therefore pray the Court to appoint the same persons who laid out the road, viz: John Davis, Jacob Clemons, Samuel March, Abraham Pennypacker and David Beitler, to go upon the ground and make a supplemental report, designating particularly, by courses and distances, said road heretofore laid out and mark the same upon the ground so that your petitioners may be enabled with certainty to find the route of said road, that they may proceed to open the same according to law and the order of Court, &c."

The Court made the order asked for, and the jury made a report, designating the route of the said road, which report was filed on July 31st, 1854 and the same day John Hause filed exceptions to the effect that these proceedings were illegal, irregular and unauthorized by law and asked to have the proceedings quashed. On September 13th, 1854, the Court overruled the exceptions, and confirmed the second report. Hause then took a certiorari, and assigned for error, that the Court erred in dismissing the exceptions and confirming the report.

*William Butler, Esq.*, for appellant argued, that the first report did give the course by the compass, viz : N. 41½ degrees E. through the lands alleged to be in dispute, and consequently the whole proceeding was based upon a mistake of fact. The Act of Assembly does not authorize the appointment of *five* persons as a road jury. After the first report was confirmed absolutely the road therein set forth, became an established road or highway, and these proceedings were in reality, to ascertain the location or route of an established road ; and is open to the objections set forth in Church Road, 5 W. & S. 200.

*Pennypacker, contra.*

The Supreme Court affirmed the decision of the Court below on May 16, 1855, in the following opinion by

KNOX, J.

A road was laid out, confirmed and an order issued to the supervisors of the township to open it. Owing to the defective manner in which the draft was made the supervisors could not satisfactorily execute the order, and petitioned the Quarter Sessions to appoint the same persons who had viewed the road to go upon the ground and make a supplemental report designating particularly by courses and distances *said road heretofore laid out* and mark the same upon the ground, so that (says the petition) "your petitioners may be enabled with certainty to find the route of said road that they may proceed to open the same according to law, and the order of the Court.".

This was done. The viewers were appointed for this purpose and reported to the Court "That after having been qualified according to law we set upon the ground upon which we

formerly laid out said road in the order mentioned an l proceeded to mark the route upon which we formerly laid out the same by driving stakes in the ground to indicate the middle of the road." With this report was presented a draft of the route of the road with courses and distances noted. Exceptions were filed to this report stating in substance that the whole proceedings were illegal and that it should be quashed. These exceptions were dismissed and the report confirmed, whereupon a certiorari is taken to this Court, and it is assigned for error that "The Court erred in dismissing the exceptions and confirming the report."

We can see no good reason for setting aside what has been done in this matter. The object was not to lay out a new road or alter one already laid out, but to find the precise spot where it had been laid. And for this purpose the supervisors might with or without the aid of the Court obtain information from the viewers. If the proper route was found and opened, no harm was done, and as the record was defective it was well enough to have it amended so as to prevent future difficulty. No good result will be accomplished by being too ready to discover errors and to set aside the actions of local tribunals in reference to matters wisely committed to their care. Justice in these respects is generally well administered through the medium of the Quarter Sessions.

> Proceedings affirmed. The costs made upon this certiorari to be paid by John Hause at whose instance it was brought.